JONATHAN W. BIRDT – SBN 183908
18252 Bermuda Street
Porter Ranch, CA 91326
Telephone:    (818) 400-4485
Facsimile:    (818) 428-1384
jon@jonbirdt.com
Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, | CASE NO. CV10 8377-RGK (JEM) |
| Plaintiff, | COMPLAINT |
| vs. | 42 U.S.C. 1983 & 1988 |
| CHARLIE BECK, LEE BACA, THE LOS ANGELES POLICE DEPARTMENT and THE LOS ANGELES COUNTY SHERIFFS DEPARTMENT, DOES 1 to 50, | |
| Defendants. | |

COMES NOW Plaintiff, Jonathan Birdt who seeks a declaration that the definition of "good cause" for the issuance of a CCW Permit used by the Los Angeles Police and Sheriffs' Departments is unconstitutional as applied to his application for a CCW permit. This is a Section 1983 action based upon defendants definition of "good Cause" as a specific threat. Constitutional mandates establish self defense as "good cause" which should be applied to Plaintiffs application.

## INTRODUCTION

1. Plaintiff is a resident of Los Angeles who has applied for and been denied a permit to carry a concealed weapon by the Los Angeles Police and Sheriffs' Departments because he failed to identify an imminent threat.

NOV 4 2010

2. Plaintiff has appealed the LAPD denial, knowing the LASD appeal would be futile.

3. Plaintiff is an attorney licensed to practice law in California and Nevada and admitted to practice before the 9th Circuit, the District of Nevada and the Central, Northern, Southern and Eastern Districts of California.

4. Plaintiff is licensed by the States of Nevada and Utah to carry a concealed weapon, by virtue of reciprocity and States that follow the US constitution, he is permitted to carry a concealed weapon in more than 40 States, but not in his State of residence, California.

5. Plaintiff is an avid outdoorsman who belongs to several firearm related organizations including CRPA and the NRA (Life Member). Plaintiff is also a member at a local shooting club and competes monthly in said activities.

6. Plaintiff has actively litigated cases in Nevada (currently inactive, but last trial was a one week wrongful death case in Clark County District Court in January 2010).

7. Under the laws of the State of California, Plaintiff is prohibited from publicly carrying a loaded firearm and despite repeated requests, City and County officials have refused to issue a CCW permit plaintiff is entitled to receive.

## THE PARTIES

8. Plaintiff is a natural person and citizen of the United States who resides in Los Angeles. The States of Nevada and California and each Federal Court therein have found Plaintiff to possess good moral character sufficient to engage in the practice of law and the States of Utah and Nevada (where plaintiff frequently travels) have found that plaintiff has met all the qualifications for and have issued him permits to carry concealed weapons.

9. Defendant Charlie Beck is the Chief of the Los Angeles Police Department and the individual responsible for issuing CCW permits and deciding the procedure to be followed when determining "good cause" to justify the issuance of a permit and made the decision to deny Plaintiffs' application for a CCW permit because plaintiff did not demonstrate "good cause" consisting of an imminent threat.

10. The Los Angeles Police Department is a municipal entity organized under the laws of the State of California.

11. Defendant Lee Baca is the Sheriff of Los Angeles County and the individual responsible for issuing CCW permits and deciding the procedure to be followed when determining "good

COMPLAINT - 2

cause" to justify the issuance of a permit and made the decision to deny Plaintiffs' application for a CCW permit because plaintiff did not demonstrate "good cause" consisting of an imminent threat.

12. The Los Angeles Sheriffs Department is a municipal entity organized under the laws of the State of California.

## JURISDICTION & VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

14. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## LEGAL BACKGROUND

15. California Penal Code 12050 is the only mechanism in California by which a non-law enforcement official can carry a loaded firearm. Pursuant to the statutory system the California attorney general has created a form Application for residents of the State of California to use when applying for a permit thereunder.

16. The Los Angeles Police Department openly refuses to comply with State Law and well as prior judicial decrees and settlements. The LAPD does not accept the does not accept the standard CCW application, nor does it readily make available a CCW application. Plaintiff spent several hours on the phone over several months calling various departments just trying to get a CCW application from the LAPD. Plaintiff was then required to make an appointment and bring the form in for an interview. Plaintiff did this in early 2010. Thereafter Plaintiff received a letter stating that his request for a permit had been denied because he had not identified a specific threat justifying the issuance of a permit. Plaintiff immediately responded requesting an appeal, but to date, the LAPD has not responded.

17. Following the advice of the LAPD gun detail, Plaintiff then submitted his application to the LASD who summarily denied the request for the same reason, failure to identify a specific threat.

18. Plaintiff alleges that the definition of Section 12050's requirements of (1) "good cause" beyond the interests of self-defense violate the Second and Fourteenth Amendments to the U.S. Constitution and results in an unequal treatment of similarly situated individuals, and therefore violates the Eighth Amendment of the U.S. Constitution.

19. Plaintiff does not dispute the validity of the statute, or the right of the State to regulate the possession of loaded weapons, in fact, the State legislature has made clear its' intent to create the only mechanism by which law abiding citizens can and should posses loaded firearms in the state by creating a statutory scheme for regulating such conduct. 12050(a)(1) provides, in pertinent part:

> (A) The sheriff of a county, upon proof that the person applying is of good moral character, that good cause exists for the issuance, and that the person applying satisfies any one of the conditions specified in subparagraph (D) and has completed a course of training as described in subparagraph (E), may issue to that person a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person in either one of the following formats:
>
> (i) A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.
>
> . . . .

20. Applicants seeking a license to carry a handgun must pass a criminal background check, Penal Code §12052, and successfully complete a course of training in the proper use of handguns. Penal Code § 12050(a)(1)(E). Plaintiff is ready and willing to submit the criminal background check and represents that he has no criminal history. Plaintiff also is ready, willing and able to submit to any reasonable training requirements set forth by either department.

FIRST CAUSE OF ACTION<br>42 U.S.C. 1983, 1988

21. Defendants interpretation of Section 12050's requirements of (1) "good cause" beyond the interests of self-defense violates the Second and Fourteenth Amendments.

22. The United States Supreme Court has now made it clear that the Second Amendment guarantees "the individual right to possess and carry weapons in case of confrontation." Heller at 128 S. Ct. at 2797.

23. When a fundamental right is recognized, substantive due process forbids infringement of that right "at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." Flores, 507 U.S. at 301-02 (citations omitted)

24. Defendants policies in interpreting Section 12050 infringe upon Plaintiff's Second Amendment right "to possess and carry weapons in case of confrontation." See Heller, 128 S. Ct. at 2797. The Supreme Court has explained that the natural meaning of "bear arms" is to "'wear, bear, or carry ...upon the person or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person.'" Id. at 2793

## SECOND CAUSE OF ACTION
## EQUAL PROTECTION

25. The Equal Protection Clause of the Fourteenth Amendment provides that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is "essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr.,473 U.S. 432, 439 (1985) (citation omitted). "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." Id. at 440 (citations omitted).

26. Plaintiff is licensed to practice law in both California and Nevada. Plaintiff has also been issued a permit to carry a concealed weapon in the State of Nevada; however, plaintiff is unable to freely exercise this right because the moment he passes the border from Nevada in to California he would be violating California law if he were in possession of a loaded and concealed firearm.

## PRAYER FOR RELIEF

27. Plaintiff request that judgment be entered in his favor and against Defendants requiring defendants to immediately issue a CCW permit to Plaintiff and thereafter renew such permit, absent permission to the contrary from the court.

October 28, 2010

Jonathan W. Birdt



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

**CV10- 8377 RGK (JEMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Jonathan Birdt
18252 Bermuda Street
Northridge, CA 91326
jon@jonbirdt.com
818-400-4485

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Jonathan Birdt | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. CHARLIE BECK, LEE BACA, THE LOS ANGELES POLICE DEPARTMENT and THE LOS ANGELES COUNTY SHERIFFS DEPARTMENT, DOES 1 to 50 DEFENDANT(S). | CV10-8377-RGK (JEM) SUMMONS |

TO: DEFENDANT(S): CHARLIE BECK, LEE BACA, THE LOS ANGELES POLICE DEPARTMENT and THE LOS ANGELES COUNTY SHERIFFS DEPARTMENT, DOES 1 to 50

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Jonathan W. Birdt, whose address is 18252 Bermuda Street, Porter Ranch, CA 91326. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: -4 NOV 2010

By: MARILYN DAVIS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☑) | DEFENDANTS |
|---|---|
| Jonathan Birdt | Lee Baca, Charlie Beck, The Los Angeles County Sheriff's Department, The Los Angeles Police Deaprtment. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jonathan Birdt<br>18252 Bermuda Street<br>Porter Ranch, CA 91326  818-400-4485 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. 1983 & 1988. Violation of 2nd Amendment Rights.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV10 8377**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☑ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 10/28/10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |