**JONATHAN W. BIRDT – SBN 183908**
18252 Bermuda Street
Porter Ranch, CA 91326
Telephone:     (818) 400-4485
Facsimile:     (818) 428-1384
jon@jonbirdt.com
Plaintiff

FILED
CLERK, U.S. DISTRICT COURT

NOV 3 0 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, ) | **CASE NO. 2:10-CV-08377-RGK -JEM** |
| ) | |
| Plaintiff, ) | FIRST AMENDED COMPLAINT |
| ) | |
| vs. ) | 42 U.S.C. 1983 & 1988 |
| ) | |
| CHARLIE BECK, LEE BACA, THE LOS ) | |
| ANGELES POLICE DEPARTMENT and ) | |
| THE LOS ANGELES COUNTY ) | |
| SHERIFFS DEPARTMENT, DOES 1 to 50, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |

COMES NOW Plaintiff, Jonathan Birdt who seeks a declaration that the definition of "good cause" for the issuance of a CCW Permit used by the Los Angeles Police and Sheriffs' Departments is unconstitutional as applied to his applications for CCW permits in Los Angeles County. This is a 42 U.S.C. 1983 & 1988 action based upon defendants definition of "Good Cause" as a specific threat. Constitutional mandates establish self-defense as "Good Cause" which should be applied to all applications. This complaint also seeks to have the City and County clearly adopt and publicize their policies and procedures for handling CCW applications.

## INTRODUCTION

1. Plaintiff is a resident of Los Angeles who has applied for and been denied a permit to carry a concealed weapon by the Los Angeles Police and Sheriffs' Departments because he failed to identify an imminent or specific threat.

FIRST AMENDED COMPLAINT - 1

1
2

2. Plaintiff has appealed the LAPD denial in or about April, 2010, but received no response to the appeal. Thereafter, plaintiff applied for a CCW permit with the LASD which was summarily denied again for failure to identify an imminent or specific threat, thus applying a needs based test.

3. Plaintiff is an attorney licensed to practice law in California and Nevada and admitted to practice before the 9th Circuit, the District of Nevada and the Central, Northern, Southern and Eastern Districts of California.

4. Plaintiff is licensed by the States of Nevada and Utah to carry a concealed weapon, by virtue of reciprocity and States that follow the US Constitution, he is permitted to carry a concealed weapon in more than 40 States, but not in his State of residence, California.

5. Plaintiff is an avid outdoorsman who belongs to several firearm related organizations including CRPA and the NRA (Life Member). Plaintiff is also a member at a local shooting club and competes monthly in said activities.

6. Plaintiff has actively litigated cases in Nevada (currently inactive, but last trial was a one week wrongful death case in Clark County District Court in January 2010).

7. Under the laws of the State of California, Plaintiff is prohibited from publicly carrying a loaded firearm and despite repeated requests, City and County officials have refused to issue a CCW permit plaintiff is entitled to receive.

### THE PARTIES

8. Plaintiff is a natural person and citizen of the United States who resides in Los Angeles. The States of Nevada and California and each Federal Court therein have found Plaintiff to possess good moral character sufficient to engage in the practice of law and the States of Utah and Nevada (where plaintiff frequently travels) have found that plaintiff has met all the qualifications for and have issued him permits to carry a concealed weapon.

9. Defendant Charlie Beck is the Chief of the Los Angeles Police Department and the individual responsible for issuing CCW permits and deciding the procedure to be followed when determining "good cause" to justify the issuance of a permit and made the decision to deny Plaintiff's application for a CCW permit because plaintiff did not demonstrate "good cause" consisting of an imminent threat.

FIRST AMENDED COMPLAINT - 2

1

2      10. The Los Angeles Police Department is a municipal entity organized under the laws of the

3          State of California.

4      11. Defendant Lee Baca is the Sheriff of Los Angeles County and the individual responsible for

5          issuing CCW permits and deciding the procedure to be followed when determining "good

6          cause" to justify the issuance of a permit and made the decision to deny Plaintiffs'

7          application for a CCW permit because plaintiff did not demonstrate "good cause" consisting

8          of an imminent threat.

9      12. The Los Angeles Sheriffs Department is a municipal entity organized under the laws of the

10         State of California.

11                              JURISDICTION & VENUE

12     13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

13         1343, 2201, 2202 and 42 U.S.C. § 1983.

14     14. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

15                              LEGAL BACKGROUND

16     15. California Penal Code 12050 is the only mechanism in California by which a non-law

17         enforcement official can carry a loaded firearm.  Pursuant to the statutory scheme the

18         California Attorney General has created a form application for residents of the State of

19         California to use when applying for a permit thereunder.

20     16. The Los Angeles Police Department openly refuses to comply with State Law as well as

21         prior judicial decrees and settlements.  The LAPD does not accept the standard CCW

22         application, nor does it readily make available a CCW application at each of its' stations.

23         Plaintiff spent several hours on the phone over several months calling various departments

24         just trying to get a CCW application from the LAPD.   Plaintiff was then required to make

25         an appointment and bring the form in for an interview.  Plaintiff did this in early 2010.

26         Thereafter, Plaintiff received a letter stating that his request for a permit had been denied

27         because he had not identified a specific threat justifying the issuance of a permit.  Plaintiff

28         immediately responded requesting an appeal, but to date, the LAPD has not responded.

       17. Following the advice of the LAPD gun detail, Plaintiff then submitted his application to the

           LASD who summarily denied the request for the same reason, i.e. failure to identify a

           specific threat.

                              FIRST AMENDED COMPLAINT - 3

18. Plaintiff alleges that the definition of Section 12050's requirements of (1) "good cause" beyond the interests of self-defense violate the Second and Fourteenth Amendments to the U.S. Constitution.

19. Plaintiff does not dispute the validity of the statute, or the right of the State to regulate the possession of loaded weapons.  In fact, the State legislature has made clear its' intent to create the only mechanism by which law abiding citizens can and should posses loaded firearms in the state by creating a statutory scheme for regulating such conduct. 12050(a)(1) provides, in pertinent part:

> (A) The sheriff of a county, upon proof that the person applying is of good moral character, that good cause exists for the issuance, and that the person applying satisfies any one of the conditions specified in subparagraph (D) and has completed a course of training as described in subparagraph (E), may issue to that person a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person in either one of the following formats:

> (i) A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

> . . . .

20. Applicants seeking a license to carry a handgun must pass a criminal background check, Penal Code §12052, and successfully complete a course of training in the proper use of handguns. Penal Code § 12050(a)(1)(E).  Plaintiff is ready and willing to submit the criminal background check and represents that he has no criminal history.  Plaintiff also is ready, willing and able to submit to any reasonable training requirements set forth by either department.

FIRST CAUSE OF ACTION

VIOLATION OF 42 U.S.C. 1983, 1988

21. Defendants interpretation of Section 12050's requirements of (1) "good cause" beyond the interests of self-defense violates the Second and Fourteenth Amendments.

22. The United States Supreme Court has now made it clear that the Second Amendment guarantees "the individual right to possess and carry weapons in case of confrontation." Heller at128 S. Ct. at 2797.

FIRST AMENDED COMPLAINT - 4

23. When a fundamental right is recognized, substantive due process forbids infringement of that right "at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." Flores, 507 U.S. at 301-02 (citations omitted)

24. Defendants policies in interpreting Section 12050 infringe upon Plaintiff's Second Amendment right "to possess and carry weapons in case of confrontation." See Heller, 128 S. Ct. at 2797. The Supreme Court has explained that the natural meaning of "bear arms" is to "'wear, bear, or carry ...upon the person or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person.'" Id. at 2793.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE EQUAL PROTECTION CLAUSE

25. The Equal Protection Clause of the Fourteenth Amendment provides that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is "essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr.,473 U.S. 432, 439 (1985) (citation omitted). "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." Id. at 440 (citations omitted).

26. Plaintiff is licensed to practice law in both California and Nevada.  Plaintiff has also been issued a permit to carry a concealed weapon in the State of Nevada; however, plaintiff is unable to freely exercise this right because the moment he passes the border from Nevada into California he would be violating California law if he were in possession of a loaded and concealed firearm.

### PRAYER FOR RELIEF

27. Plaintiff request that judgment be entered in his favor and against Defendants requiring defendants to immediately issue a CCW permit to Plaintiff and thereafter renew such permit, absent permission to the contrary from the court.

28. That the Court Order the City and County to publicly identify the policies and procedures for residents of Los Angeles as they relate to applying for a permit to carry a concealed weapon.

29. That the Court Order the City and County to accept that the moral character requirement will be fulfilled by a criminal history check through the Bureau of Criminal Identification and Investigation as currently set forth in the LASD policy manual.

30. That the Court Order the City and County to identify and publicize the training requirements, if any, for the issuance of a CCW Permit.

31. That the Court Order the City and County to accept "self-defense" as good cause for the issuance of a CCW Permit.

32. That the Court Order the City and County to immediately adopt and publish a detailed timeline for the handling and issuance of CCW applications and permits.

33. For costs, fees and any such other relief the Court deems just and proper.

November 24, 2010

Jonathan W. Birdt

FIRST AMENDED COMPLAINT - 6