1 **CARMEN A. TRUTANICH**, City Attorney (SBN 86629x)
  **GARY G. GEUSS**, Chief Assistant City Attorney
2 **CORY M. BRENTE**, Assistant City Attorney
  **ELIZABETH MITCHELL**, Deputy City Attorney (SBN 251139)
3 **WENDY SHAPERO**, Deputy City Attorney (SBN 198739)
  200 North Main Street
4 6th Floor, City Hall East
  Los Angeles, CA 90012
5 Email: wendy.shapero@lacity.org
  Phone No.: (213) 978-6900
6 Fax No.: (213) 978-8785

7 *Attorneys for Defendants* CHARLIE BECK and LOS ANGELES POLICE DEPARTMENT

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| JONATHAN BIRDT, | CASE NO. CV10-8377 RGK (JEM) |
| Plaintiff, | **DEFENDANT CITY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO STAY THE DECLARATORY RELIEF ACTION; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| CHARLIE BECK, LEE BACA, THE LOS ANGELES POLICE DEPARTMENT and THE LOS ANGELES COUNTY SHERIFFS DEPARTMENT, DOES 1 to 50, *inclusive,* | [Request for Judicial Notice filed concurrently herewith] |
| Defendants. | Date: March 14, 2011<br>Time: 9:00 a.m.<br>Courtroom: 850 |

TO PLAINTIFF IN PRO PER:

NOTICE IS HEREBY GIVEN that on March 14, 2011, at 9:00 a.m., in Courtroom 850 before the Honorable Gary R. Klausner of the United States District Court, located at the Edward R. Roybal Federal Building, 255 E. Temple Street, Los Angeles, California 90012, Defendants Los Angeles Police Department and Charlie Beck will move this Court to stay this lawsuit pending the appeal to the Ninth Circuit

1 | in <u>Peruta v. County of San Diego</u>, CV 09-2371 IEG (BLM) which involves the identical constitutional issues asserted in the present case.

Local Rule 7-3 has been complied with through telephonic conference of counsel which occurred on February 2, 2011.

This Motion to Stay will be based upon the Notice, the Memorandum of Points and Authorities, the Request for Judicial Notice, the Exhibits, the court's file, and such further oral and/or documentary evidence as may be presented at the time of the hearing.

DATED: February 12, 2011

**CARMEN A. TRUTANICH**, City Attorney
**GARY G. GEUSS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Supervising Asst. City Attorney
**ELIZABETH MITCHELL**, Deputy City Attorney

By _____
    **WENDY SHAPERO**
    Deputy City Attorney

Attorney for Defendants **CHARLIE BECK AND THE LOS ANGELES POLICE DEPARTMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Introduction

Plaintiff seeks a declaration that LAPD's definition of "good cause" under Penal Code section 12050 is unconstitutional as it applies to him. (FAC, 1:20-23). The basis for the Court's jurisdiction is 42 U.S.C. Section 1983 and the Declaratory Judgment Act 28 U.S.C. § 2201. Plaintiff contends the Second Amendment of the United States Constitution defines "good cause" as meaning a right to general self-defense.

Plaintiff alleges "Defendants (sic) policies in interpreting Section 12050 infringe upon Plaintiff's Second Amendment right 'to possess and carry weapons in case of confrontation.'" (FAC, 5:4-5, citing District of Columbia v. Heller, 128 S. Ct. 2783, 2797 (2008)). The same constitutional issue was raised in Peruta v. County of San Diego, CV 09-2371 IEG (BGS). At issue was whether the County of San Diego's policies for issuing concealed weapons permits under Penal Code section 12050 interfered with the decisions set forth in Heller and McDonald v. City of Chicago, 130 S. Ct. 3020 (2010) which recognized the right to possess handguns in the home for self-defense. Like the plaintiff in the present case, in Peruta, the plaintiffs contended the decisions in Heller and McDonald provided them with a Second Amendment right to carry a loaded handgun in public for the purpose of self-defense. In Peruta, United States District Court Judge Irma E. Gonzalez denied the plaintiffs' Motion for Partial Summary Judgment and Granted the County of San Diego's Motion for Summary Judgment. Judge Gonzalez' decision is being appealed to the Ninth Circuit. (See Request for Judicial Notice).

Defendants Los Angeles Police Department and Chief Charlie Beck request the Court to stay the current action pending the decision by the Ninth Circuit in Peruta v. County of San Diego, CV 09-09-2371 IEG (BGS) because it serves the purpose of judicial economy.

///

2. **In the Interests of Judicial Economy, this Court Should Stay this Action until the Ninth Circuit Rules on the Same Issue of Law That Is at Issue in the Pending Case**

District courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995); Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979). Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking an declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration. Wilton, supra, 515 U.S. at 288.

In deciding whether to grant a stay, the Court considers:

> "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). If the plaintiff can show a fair possibility of damage, the burden shifts to the defendant to show it would suffer hardship or inequity as a result of the stay. Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

Other than Plaintiff's contention that being denied a CCW permit interferes with his Second Amendment right to bear arms, Plaintiff cannot point to any damage he would suffer if this lawsuit is stayed. Assuming Plaintiff can articulate damage if a stay is granted, Defendant would be burdened with unnecessarily litigating a matter.

1  The Ninth Circuit's determination of this issue could dispose (or require settlement) of
2  this lawsuit quickly. If the Ninth Circuit makes a ruling in <u>Peruta</u> that is materially
3  inconsistent with one or more of the Court's rulings in this case, all parties would be
4  forced to re-litigate the exact same issues which are before the Court now. Contrarily,
5  if the Court were to stay this matter until the <u>Peruta</u> case is adjudicated by the Ninth
6  Circuit, both the Court and the parties would have binding authority on which to rely.

7      Defendants acknowledge the burden of litigation is not necessarily considered
8  a hardship justifying a stay. See <u>OneBeacon Ins., Co. v. Parker</u>, 2009 U.S. Dist.
9  LEXIS 88043, *13 (E.D. Cal. 2009). However, the City of Los Angeles' severe
10 budget problems provides a basis for reconsidering this conclusion. Attorneys at the
11 City Attorney's Office have been furloughed since July 2010, requiring said attorneys
12 to take one (1) day off every two weeks. (See Declaration of Elizabeth Mitchell).
13 Furthermore, when an attorney leaves the Office, his or her position is not being filled,
14 leaving the remaining attorneys with a much higher caseload, and less time in which
15 to handle the cases. (See Declaration of Elizabeth Mitchell). These financial
16 hardships means there are fewer resources to adequately represent City of Los
17 Angeles' clients. (See The Daily News of Los Angeles, "L.A. Budget Crisis: Official
18 Says Even More Cuts Needed, January 6, 2011 in Request for Judicial Notice).

19     Nevertheless, the strongest reason to grant the stay is the Court's interest in
20 judicial economy. "[S]eparate suits stemming from the same overall controversy and
21 involving overlapping issues . . . proceed[ing] simultaneously on parallel tracks" may
22 waste scarce judicial resources. <u>State Farm Fire & Casualty Co. v. McIntosh</u>, 837 F.
23 Supp. 315 317 (N.D. Cal. 1993). It is well known that federal district courts are
24 overburdened by increasing case loads and delays in appointing judges. Accordingly,
25 a stay in the present case would help this Court manage its docket while avoiding the
26 possibility of inconsistent judicial determinations.
27 / / /
28 / / /

### 3. Conclusion

Based on the foregoing, together with the Exhibits in the Request for Judicial Notice, Defendants request the Court to stay this action pending the Ninth Circuit's decision in <u>Peruta v. County of San Diego</u>, CV 09-09-2371 IEG (BGS).

DATED: February 12, 2011    CARMEN A. TRUTANICH, City Attorney
GARY G. GEUSS, Chief Assistant City Attorney
CORY M. BRENTE, Supr. Asst. City Attorney
ELIZABETH MITCHELL, Deputy City Attorney

By _____
WENDY SHAPERO
Deputy City Attorney

Attorney for Defendants **CHARLIE BECK AND THE LOS ANGELES POLICE DEPARTMENT**

# PROOF OF SERVICE

I, RUTH PARKHURST, declare as follows:

At the time of service I was over 18 years of age and not a party to this action. My business address is 200 N. Main Street, 600 City Hall East, Los Angeles, CA 90012, which is the County, City and State where this mailing occurred.

On February 14, 2011 I served the document(s) described as:

**DEFENDANT CITY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO STAY THE DECLARATORY RELIEF ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**

on all interested parties in this action:

**Plaintiff in Pro Per**

**Jonathan W. Birdt, Esq.
18252 Bermuda Street
Porter Ranch, CA 91326
(818) 400-4485 & (818) 428-1384 Fax
Jon@jonbirdt.com**

I served a true copy of the document(s) above by:

[ ] Personally delivering it to the person(s) indicated below in the manner provided in FRCivP 5(b).

[ ] Depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the address(es) above.

Executed on February 14, 2011, at Los Angeles, California.

[ ] I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

[X] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
RUTH PARKHURST