**JONATHAN W. BIRDT – SBN 183908**
18252 Bermuda Street
Porter Ranch, CA 91326
Telephone:     (818) 400-4485
Facsimile:      (818) 428-1384
jon@jonbirdt.com
Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, | CASE NO. 2:10-CV-08377-RGK -JEM |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS EX PARTE APPLICATION** |
| vs. | |
| CHARLIE BECK, LEE BACA, THE LOS ANGELES POLICE DEPARTMENT and THE LOS ANGELES COUNTY SHERIFFS DEPARTMENT, DOES 1 to 50, | Department: 850<br>Before: Hon. R. Gary Klausner<br>Location: Roybal Courthouse,<br>255 East Temple Street<br>Los Angeles, CA 90012 |
| Defendants. | |

Plaintiff seeks to depose Chief Beck for less than two hours, not for his lack of personal knowledge of Plaintiffs application, but instead to prepare for trial by taking the deposition of a named party and even more importantly to address the arguments in the MSJ the City is filing next week. The City's failure to mention that Chief Beck is filing his own MSJ next week, and that that is the primary reason for this deposition is typical of their failure to present the full picture to the Court in each of their filings to date. The motion for Summary Judgment by the City will necessarily have to address all of Plaintiff's complaint which includes significant Equal Protection arguments. The discovery served by Plaintiff relates to those issues, not the issues presented by Plaintiffs Summary Judgment with Was filed back in December. Only Chief Beck, a named Defendant can address Plaintiff's equal protection rights and only Chief Beck can testify on that

319030.1

1  issue because he is the person charged with the responsibility for reviewing and signing all permits
2  in the City.  This deposition has nothing to do with Plaintiffs MSJ, and everything to do with
3  Defendants MSJ and trial preparation.  It is Chief Beck who is responsibility for exercising
4  discretion and only he can testify to the scope of discretion granted and the reasons for granting said
5  discretion.

6  Plaintiff proposed waiting to take the deposition of Chief Beck if Defendants would forego
7  filing their MSJ until after the hearing on Plaintiffs motion for summary Judgment on May 16th,
8  2011, but Defendants refused, thus forcing the short time frame they now complain of.  Further, the
9  city refuses to grant a rule 56 continuance on their MSJ (their actual response was ("are you
10 joking") even though Plaintiff voluntarily granted one, and the Court granted the second amounting
11 to a 3 ½ month delay in Plaintiffs motion.  This deposition is necessary to address the statutory duty
12 imposed upon the chief, and to address the issues Plaintiff expects defendant will raise in their MSJ.
13 Chief Beck and Sheriff Baca are charged with a statutory duty, and the issue in this case is their
14 exercise of discretion in applying good cause across all CCW permits, including the permit issued
15 to plaintiff.  As such, personal knowledge is irrelevant, the issue is how defendants address the
16 Constitutional fundamental rights of residents of the City:

> "It is the duty of the sheriff to make such an investigation and determination, on an individual basis, on every application under section 12050." Salute v. Pitchess, 61 Cal. App. 3d 557, 560-561 (1976). By analogy, this would apply to Chief Beck, who by choosing to issue permits stands in the shoes of Baca.

But for Defendant insisting on filing an MSJ to be heard simultaneously with Plaintiffs own Motion that will likely be case dispositive, this deposition would not be necessary.  The deposition will likely take less than two hours and is limited to the issues of the actual duty imposed upon the Chief and the equal protection arguments raised by the Chiefs motion for summary judgment.

The parties have already scheduled the deposition of Chief Beck for 3 p.m. on April 15th, and the motion suggests no hardship or grounds for protective order.  The motion also once again fails to present the entire issue to the court and instead disingenuously seeks to obfuscate.  If the deposition were limited to Plaintiffs MSJ, then the City raises a valid point, but the deposition relates to trial preparation, preparation of Plaintiffs opposition to Defendants imminent MSJ, and

319030.1

1  most importantly, is the deposition of a named party who has appeared in this action through
2  counsel.
3      As such, it is respectfully submitted that the City's motion should be denied.

April 1, 2011                                     __/s/ Jonathan W. Birdt_____
                                                 By Plaintiff Jonathan W. Birdt

319030.1