**CARMEN A. TRUTANICH**, City Attorney (SBN 86629x)
**GARY G. GEUSS**, Chief Assistant City Attorney
**CORY M. BRENTE,** Assistant City Attorney
**ELIZABETH MITCHELL,** Deputy City Attorney (SBN 251139)
200 North Main Street
6th Floor, City Hall East
Los Angeles, CA 90012
Email: elizabeth.mitchell@lacity.org
Phone No.: (213) 978-6958
Fax No.: (213) 978-8785

*Attorneys for Defendants* CHARLIE BECK and CITY OF LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARLIE BECK, LEE BACA, THE LOS ANGELES POLICE DEPARTMENT and THE LOS ANGELES COUNTY SHERIFFS DEPARTMENT, DOES 1 to 50, *inclusive,*<br><br>　　　　Defendants. | CASE NO. CV10-8377 RGK (JEM)<br><br>**DEFENDANT LAPD AND CHARLIE BECK'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT CHARLIE BECK AND LAPD'S EX PARTE APPLICATION FOR PROTECTIVE ORDER PREVENTING PLAINTIFF FROM TAKING LAPD CHIEF CHARLIE BECK'S DEPOSITION UNDER F.R.Civ.P. 26(C)(1)(A)** |

Defendants Los Angeles Police Department and Charlie Beck file this Reply to Plaintiff's Opposition to Defendants' Ex Parte Application for a Protective Order for the Deposition of Los Angeles Police Chief Charlie Beck under F.R.Civ.P. 26(c)(1)(A).

## I.　PLAINTIFF FAILS TO EXPLAIN HOW CHIEF BECK'S DEPOSITION WILL SUPPORT HIS EQUAL PROTECTION CLAIM

Plaintiff's main contention in his Opposition is that he requires the deposition of Chief Beck in order to oppose Defendant's anticipated Motion for Summary Judgment

1    regarding Plaintiff's Fourteenth Amendment Equal Protection claim.  However, Plaintiff in

2    no way articulates how he anticipates Chief Beck's deposition will help him in that regard.

3    Instead Plaintiff makes the very generalized statement that "[o]nly Chief Beck...can address

4    Plaintiff's equal protection rights and only Chief Beck can testify on that issue because he is

5    the person charged with the responsibility for reviewing and signing all permits in the city."

6    (Plaintiff's Opposition to Defendants Ex Parte Application, 1:28-2:2).   In order to make a

7    claim under the Fourteenth Amendment's Equal Protection clause, Plaintiff must demonstrate

8    how he was treated differently than others similarly situated. *City of Cleburne v. Cleburne*

9    *Living Center, Inc.*, 473 U.S. 432, 439 (1985).  Chief Beck has no knowledge of Plaintiff's

10   application and therefore will not be able to testify on whether Plaintiff was in fact treated

11   differently.  Only a person with actual knowledge will be able to adequately testify to that

12   fact.

13          Under California Government Code Section 24100, Chief Beck can delegate his

14   responsibility for reviewing Concealed Carry Weapons ("CCW") permit applications to a

15   deputy ("Whenever the official name of any principal officer is used in any law conferring

16   power or imposing duties or liabilities, it includes deputies." Cal Gov Code § 24100 (Lexis

17   2010)).   Chief Beck delegated the responsibility in denying Plaintiff's CCW Permit

18   application to Deputy Chief David Doan. (*See* Declaration of David Doan, attached to

19   Defendants' Ex Parte Request for Protective Order).  The case Plaintiff cites in an apparent

20   attempt to support his contention that Chief Beck himself must use discretion and review each

21   and every CCW Permit application does not in fact stand for that proposition at all.  In *Salute*

22   *v. Pitchess*, 61 Cal. App. 3d 557, the Court chastised the Los Angeles Sheriff's Department

23   for not exercising discretion in determining whether or not individuals had the requisite good

24   cause (Apparently the policy of Los Angeles Sheriff's Department at the time was to issue

25   CCW permits only to judges). In fact *Salute* says nothing at all about the sheriff delegating

26   responsibility to deputies in this regard.

27

28                                                   2

## II.  **PLAINTIFF HAS NO RIGHT TO DEPOSE CHIEF BECK SIMPLY BECAUSE HE IS A NAMED DEFENDANT**

Plaintiff appears to contend that he has the right to depose Chief Beck because he is a party in the case.  However he offers no law or authority supporting the contention that just because a person is a named party, they are automatically required to be deposed.  Our justice system is such that a party can file a lawsuit against any other individual they want, including the President of the United States.  That does not mean the plaintiff gets the automatic right to depose the defendant, especially if defendants' testimony is irrelevant.  Plaintiff fails to even address the legal authority cited by Defendants which strongly criticizes depositions of high-level government officials without an actual and relevant purpose, as is the case here.

## III.  **PLAINTIFF INSISTED ON THIS SHORTENED MOTION SCHEDULE AND CANNOT NOW HIDE BEHIND IT**

Plaintiff is the one who set the motion schedule so advanced by filing his motion less than two weeks after Defendants City of Los Angeles and Charlie Beck answered.  Had Plaintiff waited for discovery to be completed, or even started, before filing his motion for summary judgment, we would not be in this time-crunched situation. Plaintiff was aware from early January when parties initially met and conferred under F.R.Civ.P. 26 that Defendants intended to file their own Motion for Summary Judgment.  He has waited until the first last minute to notice this deposition, and is in no place to now complain about timing.

Plaintiff did not simply stipulate to a continuance for Defendants under F.R.Civ.P. 56(f) (hence defense counsel legitimately asking if Plaintiff was joking) (See Declaration of Elizabeth Mitchell). The Motion for Summary Judgment Plaintiff originally filed to be heard January 31, 2011 was rejected for procedural reasons (See Declaration of Elizabeth Mitchell). Plaintiff agreed to continue the hearing on the motion to April 4, 2011 instead of the Court's next available date in return for Defendants agreement to have written discovery to Plaintiff and Plaintiff's deposition completed by March 1, 2011, which was met (See Declaration of

1  Elizabeth Mitchell). This agreement was also based on Plaintiff's statement that he would not

2  be conducting any discovery at all (See Declaration of Elizabeth Mitchell).  Had Defendants

3  been aware of Plaintiff's intention to depose Chief Beck, or indeed conduct any discovery at

4  all, Defendants never would have agreed to such a shortened schedule (See Declaration of

5  Elizabeth Mitchell).  When Defendants informed Plaintiff of our expert's unavailability and

6  subsequent need for additional statistics, he refused to agree to a continuance of a mere six

7  weeks (See Declaration of Elizabeth Mitchell).

8       Further, it is unclear how the issue of our agreement to shortened time is even relevant

9  to the current issue of whether or not Plaintiff should be allowed to depose Chief Beck as a

10  witness in this case. Plaintiff states that if it were not for Defendant "insisting on filing an

11  MSJ to be heard simultaneously with Plaintiffs own Motion ...this deposition would not be

12  necessary." However, even if Defendants filed a summary judgment motion at a later date,

13  it seems Plaintiff would still want to take Chief Beck's deposition, so it is unclear how the

14  timing issue is even relevant.

15  **IV.  <u>CONCLUSION</u>**

16       For the foregoing reasons, Defendants LAPD and Charlie Beck's Request for

17  Protective Order should be granted precluding Plaintiff from deposing LAPD Chief Charlie

18  Beck.

19

20  DATED: April 4, 2011        **CARMEN A. TRUTANICH**, City Attorney

21                              **GARY G. GEUSS**, Chief Assistant City Attorney
                                **CORY M. BRENTE**, Supervising Asst. City Attorney

22

23                          By _____

24                              **ELIZABETH MITCHELL**
                                Deputy City Attorney

25                              Attorneys for Defendants **CHARLIE BECK and CITY OF
                                LOS ANGELES**

26

27

28                                            4

# DECLARATION OF ELIZABETH MITCHELL

I, Elizabeth Mitchell, declare as follows:

1.    I am an attorney at law, duly licensed to practice law all the courts of the State of California.  I am employed as a Deputy City Attorney for the City of Los Angles in the Police Litigation Unit, and I am the attorney of record for Defendants City of Los Angeles ("LAPD") and Charlie Beck ("Beck") in this matter.  I have personal knowledge of the information set forth below, except those things set forth on information and belief, and as to those, I believe them to be true.

2.    Plaintiff filed his Motion for Summary Judgment approximately two weeks after I filed an answer to Plaintiff's complaint for Defendants LAPD and Beck.  Upon informing Plaintiff that his Motion was premature and I intended to file a motion to continue under F.R.Civ.P. 56(f) unless he stipulated to a continuance, Plaintiff at first refused to stipulate. In the meantime, the Court notified Plaintiff that his Motion for Summary Judgment had been rejected because the chosen hearing date of January 31, 2011 was full.

3.    After much discussion between Mr. Birdt, counsel for the Los Angeles Sheriffs Department and Lee Baca, Jennifer Lehman, and myself, Plaintiff agreed to continue the hearing on the motion to April 4, 2011 instead of the Court's next available date. This was in return for our agreement to have written discovery to Plaintiff and Plaintiff's deposition completed by March 1, 2011 which was done.  This agreement was also based on Plaintiff's statement that he would not be conducting any discovery, including requests for production and depositions.  Had I been aware of Plaintiff's intention to depose Chief Beck, or indeed conduct any discovery at all, I never would have agreed to such a shortened schedule.

4.    When I informed Plaintiff of our expert's unavailability and subsequent need for additional statistics, he refused to agree to a continuance of a mere six weeks.

5.    During our discussions mandated by F.R.Civ.P. 26, in early January, 2011, I informed Plaintiff that I intended on filing a Motion for Summary Judgment for LAPD and

Beck.  That statements is also included in the joint report submitted to the court under
F.R.Civ.P. 26(f).

6.  Plaintiff first informed me of his intention to depose Beck on March 24, 2011 via
email.

7.  On March 25, 2011 Plaintiff emailed me a notice of deposition of Chief Beck and
our Person Most Knowledgeable under F.R.Civ.P. 30(b)(6), along with a notice to produce
documents, scheduled for April 15.  Upon informing Mr. Birdt that under the rules we were
allowed 30 days to respond to his request for production of documents, he emailed me the
following statement: "I assume you will also stipulate to my rule 56 request to continue your
MSJ, as I did with you" to which I replied "Is that a joke? You objected to our rule 56."  I
legitimately believed Mr. Birdt was joking in the email, which had happened before.  I
believed he was joking because Mr. Birdt became upset and refused to stipulate to a
continuance on both prior instances.  Only after significant discussion and concessions on
the part of myself and Ms. Lehman, did Mr. Birdt finally agree.

I swear under penalty of perjury under the laws of the United States that the foregoing
is true and correct.  Executed this 4th day of April 2011, at Los Angeles, California.


_____
Elizabeth Mitchell

6