ANDREA SHERIDAN ORDIN, County Counsel
ROGER H. GRANBO, Assistant County Counsel
JENNIFER A.D. LEHMAN, Principal Deputy County Counsel
(SBN 191477) • *jlehman@counsel.lacounty.gov*
JONATHAN McCAVERTY, Deputy County Counsel
(SBN 210922) • *jmccaverty@counsel.lacounty.gov*
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone (213) 974-1908  Fax: (213) 626-2105

Attorneys for Defendants
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT & LEE BACA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT,<br><br>Plaintiff,<br><br>v.<br><br>CHARLIE BECK, LEE BACA, THE LOS ANGELES POLICE DEPARTMENT and THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and DOES 1 through 50,<br><br>Defendants. | CASE NO. CV 10-08377 JAK (JEMx)<br><br>**REPLY IN SUPPORT OF LASD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Defendants' Reply Separate Statement of Uncontroverted Facts & Conclusions of Law; Objections to Plaintiff's Evidence; Response to Plaintiff's Objections]<br><br>MSJ Date;   **May 16, 2011**<br>Time:        9:00 a.m.<br>Dept:         850<br><br>**Trial Date:**   October 4, 2011 |

HOA.788316.1

## INTRODUCTION

Contrary to Plaintiff's argument, the Second Amendment does not confer a constitutional right to carry a loaded concealed weapon in public. By way of Penal Code section 12050, the California Legislature has given the Sheriff the discretion to issue concealed weapon permits to qualified individuals who can show good cause. In this case, Plaintiff failed to show good cause under the LASD Defendants' policy and his application was denied. It is Defendants, not Plaintiff who should be entitled to summary judgment.

## ARGUMENT

### I. THERE IS NO CONSTITUTIONAL RIGHT TO CARRY A LOADED CONCEALED WEAPON IN PUBLIC UNDER THE SECOND AMENDMENT.

In his Opposition, Plaintiff focuses on case law pertaining to possession of a firearm in the home. However, the instant case pertains to Plaintiff's claim that he is constitutionally entitled to carry a loaded concealed weapon <u>in public</u>. As discussed in greater detail in Defendants' moving/opposing papers, Plaintiff has no such constitutional right.

#### A. The Second Amendment Does Not Include the Right to Keep and Carry a Weapon in Any Manner.

Plaintiff relies on *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 2788, 2822 (2008) and *McDonald v. City of Chicago*, 130 S.Ct. 3020, 3026, 3044 (2010) to support his argument. However, both of these cases protect an individual's right to possess firearms <u>in the home</u> for self-defense – not to possess loaded concealed weapons in public. In fact, the *Heller* court specifically acknowledged such limitation:

> the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right [to keep and bear arms] was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.

*Id.* at __; 128 S.Ct. at 2816. Thus, the Court has specifically stated that "core

right" embodied in the Second Amendment *does not include the right to keep and carry any weapon in any manner.* See *id.*

California Penal Code § 12025(a) and Penal Code § 12031(a) have been upheld against a Second Amendment challenge after *Heller*. *People v. Flores*, 169 Cal.App.4th 568, 575-576 (2008); *People v. Yarbrough*, 169 Cal.App.4th 303, 312-314 (2008). In *People v. Yarbrough*, Yarbrough was convicted of violating Penal Code § 12025(a)(2), for carrying a concealed weapon on residential property that was fully accessible to the public. In affirming the conviction, the court held :

> [c]arrying a firearm concealed on the person or in a vehicle in violation of section 12025, subdivision (a), is not in the nature of a common use of a gun for lawful purposes which the court declared to be protected by the Second Amendment in *Heller*. (See *People v. Wasley* 245 Cal.App.2d 383, 386 (1966.)

*Id.* at 314. A person who carries a concealed firearm on his person or in a vehicle, which permits the individual immediate access to the firearm but impedes others from detecting its presence, poses an 'imminent threat to public safety. *Id.* at 313-314. Thus, Penal Code § 12050's prohibitions did not violate the Second Amendment. See also *People v. Flores*, 169 Cal.App.4th 568, 576 (2008), (convictions under sections 12025 and 12031 affirmed in the face of a Second Amendment challenge); *People v. Villa*, 178 Cal.App.4th 443, 468 (2009) (prohibition on possession of a loaded firearm constitutional)

In his Opposition, Plaintiff relies on *People v. Delacy*, 192 Cal.App.4th 1481 (2011), a recent California court of appeal case upholding an unlawful firearm possession conviction, and argues that the case overturns *Yarbrough* and *Flores;* however, Plaintiff misinterprets the case. *Delacy* actually pertains to possession of a firearm <u>in the home</u> – not in public, as is the issue at hand. In fact, even *Delacy* acknowledges that *Heller* only applies to firearms in the home. *Id.* at 1487; see also *Robertson v. Baldwin*, 165 U.S. 275, 281-282 (1897) ("the right of people to keep and bear arms is not infringed by laws prohibiting the

carrying of concealed weapons.")

## II. THE LASD DEFENDANTS' LICENSING PRACTICES WITHSTAND CONSTITUTIONAL SCRUTINY.

### A. The LASD Defendants' Policies in Limiting CCW Licenses to Individuals With Specifically Identifiable and Documented Needs Withstands Scrutiny.

Plaintiff claims that Defendants' policies limit Second Amendment rights to those who have already been victims of a crime.[1] Initially, as set forth above, there is no Second Amendment right to a CCW permit.

Nonetheless, Defendants' policy passes scrutiny. Penal Code § 12050(a)(1)(A) authorizes a county sheriff to issue a license to carry a concealed pistol, revolver, or other firearm capable of being concealed upon the person (hereinafter "CCW permit") upon the existence of good cause, and provided that the applicant meets other criteria provided for in the Penal Code. Penal Code § 12050 gives broad discretion to the sheriff concerning the issuance of concealed weapons licenses, and explicitly grants discretion to the issuing officer to issue or not issue a license to applicants meeting the minimum statutory requirements. *Gifford v. City of Los Angeles*, 88 Cal.App.4th 801, 805 (2001) quoting in part, *Nichols v. County of Santa Clara*, 223 Cal.App.3d 1236, 1241 (1990).

The LASD does not grant CCW permits merely for the personal convenience of the applicant, and applicants must show good cause for the permit. This is because maintaining public safety and preventing crime are important

---

[1] Good cause is defined by the LASD as " convincing evidence of a clear and present danger to life or of great bodily harm to the applicant, his spouse or dependent child, which cannot be adequately dealt with by existing law enforcement resources and which danger cannot be reasonably avoided by alternative measures, and which danger would be significantly mitigated by the applicant's carrying of a concealed firearm." (Waldie Decl., Exh. 1, p .2)

governmental interests and the regulation of concealed firearms is a critical factor in accomplishing these interests. *McDonald, supra*, 130 S.Ct. at 3126 ("private gun regulation is the quintessential exercise of a State's police power."); *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 475 (1996) (noting that States have "great latitude" to use their police powers); *United States v. Morrison*, 529 U.S. 598, 618 (2000) ("there is no better example of the police power than the suppression of violent crime")

As discussed in greater detail in Defendants' moving papers, handguns are unquestionably dangerous and contribute to the majority of criminal cases that result in a person's death. LASD UF 11-15; see also *Heller, supra*, 554 U.S. at 636 (acknowledging the problem of handgun violence in the U.S.). (See LASD UF 11-15.) Unlike possession of a gun for protection within a residence, carrying a concealed firearm presents a recognized "threat to public order," and is "'prohibited as a means of preventing physical harm to persons other than the offender.' [Citation.]" *People v. Hale*, 43 Cal.App.3d 353, 356 (1974). A person who carries a concealed firearm on his person or in a vehicle, "which permits him immediate access to the firearm but impedes others from detecting its presence, poses an 'imminent threat to public safety ....' [Citation.]" *People v. Hodges*, 70 Cal.App.4th 1348, 1357 (1999).

In *Peruta v. County of San Diego*, United States District Court Case No. 09 CV-2371, 2010 U.S. Dist. LEXIS 130878 at the Southern District of California found that the Sheriff had "an important and substantial interest in public safety and in reducing the rate of gun use in crime;" "in reducing the number of concealed weapons in public in order to reduce the risks to other members of the public who use the streets and go to public accommodations;" and "in reducing the number of concealed handguns in public because of their disproportionate involvement in life-threatening crimes of violence, particularly in streets and other public places." *Peruta, supra*, 2010 U.S.Dist. LEXIS at *26-27. The court also

held that the Sheriff's policy which differentiated between "individuals who have a bona fide need to carry a concealed handgun for self-defense and individuals who do not" was reasonably related to the government's important and substantial interest in public safety. *Id*. at *27. Accordingly, the court in *Peruta* upheld the San Diego Sheriff's concealed weapon permitting policy.

That interest is no different in Los Angeles County. Los Angeles County's practices in limiting CCW licenses to those with specific and documented needs is consistent with the compelling and significant legislative goals underlying Penal Code sections 12025 and 12031: the protection of the public from widespread and unchecked public carry of concealed and loaded firearms. This Court should likewise uphold LASD's policy. LASD's policy creates a balance between the competing Second Amendment interests in self-defense and public safety. The LASD enables those with a clear and present need for self-defense to obtain a concealed weapon permit, so long as they also meet the requirements enumerated in California Penal Code section 12050. The LASD's policy is reasonably related to the government's important and substantial interest in public safety and concealed weapon control. Therefore, the policy satisfies scrutiny.

In his Opposition, Plaintiff claims that there is no evidence to support the LASD and the City's policies, and faults the Undersheriff for not personally undertaking any specific studies or research before he began enforcement of the LASD's "good cause" definition. However, as the Undersheriff states in his Declaration, he has been a law enforcement officer for over 40 years, and is familiar with the issues facing law enforcement, particularly LASD personnel. He does not need to have conducted a formal study to offer his opinion on the necessity and the legitimacy of the LASD policy, particularly when the principles underlying it are well documented in case law and in other materials, and when the policy is mirrored by other counties and cities. (See *infra*.) Moreover, Plaintiff offers no admissible, credible evidence to counter the constitutionality of

HOA.788316.1                    -6-

Defendants' policy. Simply because Plaintiff believes that he would be responsible with a CCW permit does not mean that Defendants' policy limiting issuance is unconstitutional.

### B. The LASD Defendants Did Not Improperly Deny Plaintiff's Application.

Further, LASD's good cause policy was constitutionally applied to Plaintiff. Plaintiff's application was reviewed like every other application and underwent the same evaluation every other application did. (LASD UF 8, 17-18.) Plaintiff's application was denied because he did not present evidence of a clear and present danger, as required by LASD's policy. (LASD UF 8, 12-18.)

### C. The Denial of Plaintiff's CCW Application Did Not Violate His Right to Interstate Travel.

Plaintiff does not address Defendants' argument regarding his claim that his right to interstate travel was violated in his Opposition. As such, summary judgment on this issue is warranted.

## III. THE LASD POLICY DOES NOT VIOLATE EQUAL PROTECTION.

In his Opposition, Plaintiff claims that the policy violates equal protection because it treats crime victims differently than non-crime victims. When a government's action does not involve a suspect classification or implicate a fundamental right, even intentional discrimination will survive constitutional scrutiny for an equal protection violation as long as it bears a rational relation to a legitimate state interest. *New Orleans v. Dukes*, 427 U.S. 297, 303-04 (1976); *Cleburne, supra,* 473 U.S. at 439; *Lockary v. Kayfetz,* 917 F.2d 1150, 1155 (9th Cir. 1990). Plaintiff offers no evidence that he belongs to a suspect classification.

The rational-basis test is "a relatively relaxed standard reflecting the Court's awareness that the drawing of lines that create distinctions" is primarily a task for legislatures. *Mass. Bd. of Retirement v. Murgia*, 427 U.S. 307, 314, 49 L. Ed. 2d 520, 96 S. Ct. 2562 (1976). To survive rational basis scrutiny, a state action need not *actually* further a legitimate interest; it is enough that the governing body

"*could have rationally decided* that" the action would further that interest. *See Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 466, 101 S. Ct. 715, 66 L. Ed. 2d 659 (1981) (emphasis in original). Under rational basis review, a state actor "has no obligation to produce evidence to sustain the rationality of a statutory classification; rather, the burden is on the one attacking the legislative arrangement to negate every conceivable basis which might support it." *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1280 (9th Cir. 2004) (internal quotations, alteration, and citation omitted). Plaintiff has failed to meet this burden. As set forth above, the evidence shows that the LASD Defendants apply the policy equally, and that limiting the issuance of CCW permits is rationally related to a legitimate state interest. (LASD UF 17-22) As such, it is Defendants, not Plaintiff, who are entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, the LASD Defendants ask that the Court grant their Motion, and deny Plaintiff's Motion for Summary Judgment.

DATED: May 2, 2011

Respectfully submitted,

ANDREA SHERIDAN ORDIN
County Counsel

By /s/ Jennifer A.D. Lehman
JENNIFER A.D. LEHMAN
Principal Deputy County Counsel

Attorneys for Defendants
LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT & LEE BACA