NOT FEE PAID
GOV'T CODE § 6103

ANDREA SHERIDAN ORDIN, County Counsel
ROGER H. GRANBO, Assistant County Counsel
JENNIFER A.D. LEHMAN, Principal Deputy County Counsel
(SBN 191477) • jlehman@counsel.lacounty.gov
JONATHAN MCCAVERTY, Deputy County Counsel
(SBN 210922) • jmccaverty@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone (213) 974-1908  Fax: (213) 626-2105

Attorneys for Defendants
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT & LEE BACA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT,<br><br>Plaintiff,<br><br>v.<br><br>CHARLIE BECK, LEE BACA, THE LOS ANGELES POLICE DEPARTMENT and THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and DOES 1 through 50,<br><br>Defendants. | CASE NO. CV 10-08377 JAK (JEMx)<br><br>**DEFENDANTS LOS ANGELES COUNTY SHERIFF'S DEPARTMENT & LEE BACA'S REPLY SEPARATE STATEMENT & CONCLUSIONS OF LAW; EVIDENCE IN SUPPORT THEREOF & RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT**<br><br>[Filed concurrently with Reply, Objections to Plaintiff's Evidence; Response to Plaintiff's Objection]<br><br>MSJ Date; **May 16, 2011**<br>Time: **9:00 a.m.**<br>Dept. **850**<br><br>Action Filed: November 4, 2010<br>**Trial Date:** **October 4, 2011** |

Defendants Los Angeles County Sheriff's Department and Sheriff Lee Baca ("the LASD Defendants") submit their Reply Separate Statement of Uncontroverted Facts & Conclusions of Law in support of their Motion for Summary Judgment/Partial Summary Judgment pursuant to Local Rule 56-1.

HOA.788681.1

**LASD DEFENDANTS' UNDISPUTED FACTS AND EVIDENCE**

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|
| 1. Larry L. Waldie is the Undersheriff for Los Angeles County. As part of his responsibilities as Undersheriff he has been designated to act as the Sheriff's sole authorized representative for reviewing applications for (CCW) licenses for the county of Los Angeles. In that role, he and members of his staff, evaluate CCW applications. While members of his staff make recommendations regarding applications, he is the final decision-maker. Exh. A, Waldie Decl. ¶¶ 1-2. | 1. Undisputed for purposes of this motion. | |
| 2. As part of his evaluation of CCW applications, he will review the entire application packet | 2. Undisputed for purposes of this motion. | |

| | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|---|
| | and any and all supporting documentation. He has been involved in these decisions since he became Undersheriff in 2005. Exh. A, Waldie Decl. ¶ 2. | | |
| | 3. In Los Angeles County, there are four distinct categories of CCW licenses: Employment, Standard, Judges, and Reserve Police Officers. The Employment CCW license is issued only to a person who spends a substantial period of time in his or her principal place of employment or business in Los Angeles County. The Standard CCW license is issued to residents of Los Angeles County or to residents of a particular city within Los Angeles County. | 3. Disputed, the only category is law abiding citizen, who has passed a background check, received proper training, and been the victim of a crime. (Deposition of Larry Waldie at Page 22). | 3. The evidence cited by Defendants speaks for itself. Plaintiff's cited evidence fails to dispute Defendants' fact. |

| | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|---|
| | The Judge CCW license is issued to California judges, full-time commissioners, and to federal judges and magistrates of the federal courts.  The Reserve Police Officer CCW license may be issued to reserve police officers appointed pursuant to California Penal Code § 830.6. Exh. A, Waldie Decl. ¶ 3. | | |
| 4. | If an applicant resides in an incorporated city not policed by the LASD, the applicant must apply to the chief of police of their city of residence for a concealed weapons license and have such application acted upon. Within 60 days after a denial of such application, such city resident may file a separate application with the | 4.  LASD does not exercise discretion, LASD.  Has a policy of requiring all permit holders to be victims of a crime as a matter of policy and no permit will issue unless | 4.  Plaintiff's cited evidence fails to dispute Defendants' fact. |

| | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|---|
| 4-14 | LASD, attaching a copy of the application denied by the chief of police. The LASD will exercise independent discretion in granting or denying licenses to such person but may review, consider, and give weight to the grounds upon which such denial was made. Exh. A, Waldie Decl. ¶ 4. | the applicant has been the victim of a crime. (Deposition of Larry Waldie at page 22). | |
| 15-27 | 5. California Penal Code sections 12050-12054 set forth the general criteria that CCW applicants must meet. Applicants must be of good moral character, be a resident of, or spend substantial time in the County they apply in, take a firearms course, and demonstrate good cause for the license. Exh. A, Waldie Decl. ¶ 5. | 5. Undisputed for purposes of this motion. | |

| | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|---|
| 1-18 | 6. The issuance of licenses enabling a private citizen to carry a CCW is of great concern to the LASD. The LASD's overriding policy is that no CCW license should be granted merely for the personal convenience of the applicant. No position or job application in itself shall constitute good cause for the issuance, or for the denial, of a CCW license. Exh. A, Waldie Decl. ¶ 6. | 6. Disputed, LASD is not familiar with any current case law and has not reviewed their policy in the past 7 years to reflect changes in the law. (Deposition of Larry Waldie at Page 4) | 6. Plaintiff's cited evidence fails to dispute Defendants' fact. |
| 20-28 | 7. The LASD defines "good cause" under California Penal Code section 12050 as requiring convincing evidence of a clear and present danger to life or of great bodily harm to the applicant, his spouse | 7. LASD requires as an element of "good cause" that the applicant be a victim of a crime as a matter of policy | 7. Plaintiff's cited evidence fails to dispute Defendants' fact. Defendants' evidence speaks for itself. |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|
| or dependent child, which cannot be adequately dealt with by existing law enforcement resources and which danger cannot be reasonably avoided by applicant's carrying of a concealed firearm. Exh. A, Waldie Decl. ¶ 6. | and no permit will issue unless the applicant has been the victim of a crime. (Deposition of Larry Waldie at Page 22). | |
| 8. Each application is individually reviewed for cause. The LASD's definition of good cause has been in existence since Undersheriff Waldie began reviewing CCW applications in 2005. It is the Undersheriff's understanding that this definition of good cause, or one similar to it, is utilized by many other counties within California, including San Diego. | 8. Disputed. Sacramento accepts "self-defense" San Diego requires only an articulable need, but LASD requires that the applicant be a victim of a crime. (Deposition of Larry Waldie at Page 22). | 8. Plaintiff's cited evidence fails to dispute Defendants' fact. |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|
| Exh. A, Waldie Decl. ¶ 6 | | |
| 9. In evaluating whether an applicant has presented "convincing evidence of a clear and present danger to life or of great bodily harm to the applicant, his spouse or dependent child, which cannot be adequately dealt with by existing law enforcement resources and which danger cannot be reasonably avoided by applicant's carrying of a concealed firearm," an applicant's stated reason of self-defense is not enough. Exh. A, Waldie Decl. ¶ 7 | 9. LASD requires as an element of "good cause" that the applicant be a victim of a crime as a matter of policy and no permit will issue unless the applicant has been the victim of a crime. (Deposition of Larry Waldie at Page 4). | 9. Plaintiff's cited evidence fails to dispute Defendants' fact. |
| 10. The applicant must demonstrate a credible threat of violence which would justify the need to possess a concealed weapon. If an applicant claims that he or | 10. Undisputed for purposes of this motion. | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|
| she has been threatened, the LASD looks for documentation of that threat, such as police reports or other evidence. Exh. A, Waldie Decl. ¶ 7 | | |
| 11. One of the purposes for the LASD's policy is to protect against gun violence to the community at large, as well as to protect officers conducting law enforcement operations on the streets. Exh. A, Waldie Decl. ¶ 8. | 11. Undisputed as to the purpose, but disputed that there is any relationship between the policy and the goal. | 11. Plaintiff fails to provide any evidence to dispute Defendants' fact. |
| 12. Gun violence is a problem throughout the State of California and Los Angeles County is no exception. The vast majority of homicides in Los Angeles County are committed with the use of guns. Handguns are of particular concern because | 12. Plaintiff objects to this fact as irrelevant since it has nothing to do with CCW holders. | 12. Plaintiff fails to provide any evidence to dispute Defendants' fact. The evidence is relevant to Defendants' policy. |

HOA.788681.1

-9-

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|
| they are much more likely to be used than shotguns and rifles. Because handguns are small, easy to conceal, and deadly at short range, they are of paramount concern and danger. Further, most of the violent acts committed in this County involving the use of guns are by gang members. Exh. A, Waldie Decl. ¶ 8; see also Exh, B, Zimring Decl., ¶¶ 3-6. | | |
| 13.   The presence of more guns on the streets of Los Angeles County creates many problems for law enforcement officers. Officers are often charged with monitoring public gatherings as well as with breaking up public nuisances. Officers must act | 13.   Plaintiff objects to this fact as irrelevant since it has nothing to do with CCW holders. | 13.   Plaintiff fails to provide any evidence to dispute Defendants' fact. The evidence is relevant to Defendants' policy. |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|
| quickly whenever a disturbance occurs. Often times, this involves isolating one or two problem individuals. However, if multiple persons within a crowd are carrying concealed weapons, this creates an increased likelihood that guns will be brandished or used. Thus, the increased presence of guns creates not only increased safety problems for officers but also for members of the community at large. Exh. A, Waldie Decl. ¶ 9; Exh,. B, Zimring Decl., ¶¶ 3-6. | | |
| 14. It is the LASD's position that increasing the numbers of concealed weapons in the community | 14. Plaintiff objects as this is not a fact, but an opinion that is | 14. Plaintiff fails to provide any evidence to dispute Defendants' fact. |

HOA.788681.1

-11-

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|
| increases the threat of gun violence to the community at large, to those who use the streets and go to public accommodations, and to law enforcement officers patrolling the streets. Further, the increased presence of concealed handguns make law enforcement operations more difficult thus taking away valuable resources which would be better used conducting law enforcement operations. Exh. A, Waldie Decl. ¶ 10; Exh. B, Zimring Decl., ¶¶ 3-6. | speculative and lacks any foundation. | |
| 15.   Los Angeles County's "good cause" requirement is intended to drastically restrict the number of persons who are secretly | 15.   Undisputed for purposes of this motion. | |

HOA.788681.1

-12-

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|
| armed in the County. Exh. A, Waldie Decl. ¶ 10; see also Exh. B, Zimring Decl., ¶¶ 3-6. | | |
| 16. At present, there are approximately 400 concealed weapons permits that were issued by the LASD. The Undersheriff is informed and believe that the County's Chief Executive Office has estimated that the population of Los Angeles County as of January 2010 was 10,441,080 people. Exh. A, Waldie Decl. ¶ 11. | 16. Undisputed for purposes of this motion. | |
| 17. The LASD reviewed Mr. Birdt's first application and determined that he failed to show good cause as required by LASD policy, and as defined above. LASD has not yet responded | 17. Undisputed for purposes of this motion. | |

HOA.788681.1

-13-

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|
| to Mr. Birdt's second application as of the date of the Undersheriff's Declaration. Exh. A, Waldie Decl. ¶ 15 and exhibits 1-4 thereto; Exh. C, Birdt Depo., p. 111:1-10. | | |
| 18. In his initial application to the LASD, Plaintiff states as justification: <u>Details of Reason for Applicant Desiring a CCW License:</u> Volunteer LA Superior Court Judge. Frequent Las Vegas Travel with large sums of cash. Unprotected/Unsecured office with threat against employer. Representation of victims of violence, abuse + murder. Exh, A, Waldie Decl., exh. | 18. Undisputed, though incomplete. | 18. Plaintiff fails to provide any evidence to dispute Defendants' fact. |

HOA.788681.1

-14-

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|
| 2 thereto, p. 13. | | |
| 19. Birdt never spoke with anyone from the LAPD to report threats against him and to his knowledge, no report was ever generated. Exh. C, Birdt Depo., p. 31:15-p. 33:19; p. 42:4-p. 45:10; p. 50:10-17. | 19. Undisputed for purposes of this motion. | |
| 20. Birdt was never threatened in his capacity as a volunteer judge. Exh. C, Birdt Depo. p. 33:23-24; p. 37:2-7. | 20. Plaintiff was never "expressly" threatened. As a Judge, advocate, GAL and High Profile litigation attorney, is exposed to a greater risk of harm. (Declaration of Jonathan Birdt attached hereto | 20. Plaintiff's evidence fails to dispute Defendants' fact that Plaintiff was never threatened. |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|
| | as Paragraph 2). | |
| 21. Birdt was never specifically threatened as a result of his position on the juvenile dependency court panel. Exh. C, Birdt Depo., p. 38:5-7; p. 39:8-p. 40:8. | 21. Plaintiff was never "expressly" threatened. As a Judge, Advocate, GAL and High profile litigation attorney, is exposed to a greater risk of harm. (Declaration of Jonathan Birdt attached hereto at paragraph 2) | 21. Plaintiff fails to provide any evidence that disputes Defendants' fact. |
| 22. Birdt himself has never been expressly threatened with harm at all. Exh. C, Birdt Depo., pp. 68:5-p. 71:1 | 22. Disputed, see plaintiff's deposition. As a Judge, Advocate, GAL and High Profile litigation | 22. Plaintiff fails to provide any evidence that disputes Defendants' fact. |

HOA.788681.1

-16-

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence | Moving Party's Rebuttal and Supporting Evidence |
|---|---|---|
| | attorney, is exposed to a greater risk of harm. (Declaration of Jonathan Birdt attached hereto at paragraph 2). | |
| 23. In 2009, there were 126,352 adults arrested by the LASD, and 46,329 felony arrests. Exh. D, LASD Arrest Statistics 2009, www.lasd.org | 23. Plaintiff objects to this fact as irrelevant since it has nothing to do with CCW holders. | 23. The evidence relates to the opinion offered by Defendants' expert and is thus relevant. |
| 24. In that same year, 23,001 LASD arrests involved those with prior felony convictions. Exh. E, Enbom Decl. ¶3. | 24. Plaintiff objects to this fact as irrelevant since it has nothing to do with CCW holders. | 24. The evidence relates to the opinion offered by Defendants' expert and is thus relevant. |

HOA.788681.1

## CONCLUSIONS OF LAW

1.  California Penal Code § 12050(a)(1)(A) authorizes a county sheriff to issue a license to carry a concealed pistol, revolver, or other firearm capable of being concealed upon the person (hereinafter "CCW permit") upon the existence of good cause, and provided that the applicant meets other criteria provided for in the Penal Code.

2.  Penal Code § 12050 gives extremely broad discretion to the sheriff concerning the issuance of concealed weapons licenses, and explicitly grants discretion to the issuing officer to issue or not issue a license to applicants meeting the minimum statutory requirements. *Gifford v. City of Los Angeles*, 88 Cal.App.4th 801, 805 (2001).

3.  In *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 2788, 2822 (2008) and *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3026, 3044 (2010), the United States Supreme Court held that the Second Amendment protects an individual's right to possess firearms <u>in the home</u> for self-defense.

4.  The right to keep and bear arms is not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. *Heller*, 128 S.Ct. at 2816.

5.  Penal Code sections 12025(a) and 12031(a) have been upheld in California against a Second Amendment challenge after *Heller*. *People v. Flores*, 169 Cal. App. 4th 568, 575-576 (2008); *People v. Yarbrough*, 169 Cal. App. 4th 303, 312-314 (2008).

6.  Unlike possession of a gun for protection within a residence, carrying a concealed firearm presents a recognized "threat to public order," and is "prohibited as a means of preventing physical harm to persons other than the offender.' *Yarbrough*, 169 Cal.App.4th at 314, citing *People v. Hale*, 43 Cal.App.3d 353, 356 (1974).

7. A person who carries a concealed firearm on his person or in a vehicle, which permits the individual immediate access to the firearm but impedes others from detecting its presence, poses an 'imminent threat to public safety. *Id.* at 313-314.

8. Intermediate scrutiny requires that the challenged statute or regulation "be substantially related to an important governmental objective." *Clark v. Jeter*, 486 U.S. 456, 461 (1988).

9. Maintaining public safety and preventing crime are clearly important (if not paramount) government interests and the regulation of concealed firearms is a critical factor in accomplishing that interest. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 750 (1987).

10. The denial of a concealed weapons permit is not a deprivation of the right to travel. See *Pencak v. Concealed Weapons Licensing Bd.*, 872 F.Supp.410, 414 (E.D. Mich. 1994).

11. When a government's action does not involve a suspect classification or implicate a fundamental right, even intentional discrimination will survive constitutional scrutiny for an equal protection violation as long as it bears a rational relation to a legitimate state interest. *New Orleans v. Dukes*, 427 U.S. 297, 303-04 (1976); *Lockary v. Kayfetz*, 917 F.2d 1150, 1155 (9th Cir. 1990).

DATED: May 2, 2011                    Respectfully submitted,

OFFICE OF THE COUNTY COUNSEL

By _____
JENNIFER A.D. LEHMAN
Principal Deputy County Counsel

Attorneys for Defendants
LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT & LEE BACA

HOA.788681.1

-19-