NO FEE DUE
GOV'T CODE § 6103

1  ANDREA SHERIDAN ORDIN, County Counsel
   ROGER H. GRANBO, Assistant County Counsel
2  JENNIFER A.D. LEHMAN, Principal Deputy County Counsel
   (SBN 191477) • *jlehman@counsel.lacounty.gov*
3  JONATHAN McCAVERTY, Deputy County Counsel
   (SBN 210922) • *jmccaverty@counsel.lacounty.gov*
4  648 Kenneth Hahn Hall of Administration
   500 West Temple Street
5  Los Angeles, California  90012-2713
   Telephone (213) 974-1908  Fax: (213) 626-2105
6
   Attorneys for Defendants
7  LOS ANGELES COUNTY SHERIFF'S DEPARTMENT & LEE BACA

8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12

13  JONATHAN BIRDT,                          | CASE NO. CV 10-08377 JAK (JEMx)

             Plaintiff,                      | **DEFENDANTS LOS ANGELES
14                                           | COUNTY SHERIFF'S
        v.                                   | DEPARTMENT RESPONSE TO
15                                           | PLAINTIFF'S OBJECTION RE:
                                             | DECLARATION OF FRANKLIN
16  CHARLIE BECK, LEE BACA, THE              | ZIMRING**
    LOS ANGELES POLICE
17  DEPARTMENT and THE LOS                   | [Filed concurrently with Reply and
    ANGELES COUNTY SHERIFF'S                 | Reply Separate Statement]
18  DEPARTMENT, and DOES 1 through
    50,                                      | MSJ Date;      **May 16, 2011**
19                                           | Time:          9:00 a.m.
             Defendants.                     | Dept.          850
20
                                             | Action Filed:  November 4, 2010
21                                           | **Trial Date:   October 4, 2011**

22

23         Defendants Los Angeles County Sheriff's Department and Sheriff Lee Baca

24  ("the LASD Defendants") submit their response to Plaintiff's objection to the

25  declaration of Franklin Zimring in support of the LASD Defendants' Motion for

26  Summary Judgment.

27         Initially, Plaintiff's fails to cite to any specific paragraphs of Mr. Zimring's

28  declaration, fails to cite to any specific Federal Rules of Evidence regarding those

HOA.786448.2

1 | paragraphs, and fails to indentify what specific testimony is objectionable. Thus,
2 | Plaintiff's objection is vague, over-broad and uncertain. Moreover, Plaintiff claims
3 | Mr. Zimring's declaration contains opinions that lack foundation and reliability and
4 | in the same exact paragraph claims Mr. Zimring's declaration does not contain any
5 | opinions whatsoever. Notwithstanding this inconsistency, Plaintiff's objections
6 | should be overruled as discussed below.

7 | The declaration and opinions of Mr. Zimring are permissible under Federal
8 | Rule of Evidence 702 and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct.
9 | 1167. As the court stated in *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 744
10 | (3d Cir. 1994) under F.R.E. 702 proponents "do not have to demonstrate to the
11 | judge by a preponderance of the evidence that the assessments of their experts are
12 | correct, they only have to demonstrate by a preponderance of the evidence that their
13 | opinions are reliable. The evidentiary requirement of reliability is lower than the
14 | merits standard of correctness. (See also, comments to F.R.E 702 Advisory
15 | Committee notes to 2000 amendments).

16 | Whether a particular person has sufficient expertise to testify as an expert
17 | witness depends on the facts of the particular case, the questions propounded to the
18 | witness and the witnesses specific qualifications. *Jones v. Lincoln Elec. Co.* (7th Cir.
19 | 1999) 188 F.3d 709, 723. When making a preliminary finding regarding an expert's
20 | qualifications, under F.R.E. 104(a), a court must examine the witnesses
21 | qualifications "not . . . in the abstract, but whether those qualifications provide a
22 | foundation for a witness to answer a specific question." *Microfinancial, Inc. v.*
23 | *Premier Holidays Int'l, Inc.* (1st Cir. 2004) 385 F.3d 72, 80

24 | With his objection, Plaintiff baldly asserts that Mr. Zimring's opinions are not
25 | reliable and lack foundation. However, Plaintiff fails to explain how the proffered
26 | opinions by Mr. Zimring are unreliable and lack foundation. Rather, Plaintiff simply
27 | asserts that Mr. Zimring's opinions lack foundation and fail to meet standards of
28 | reliability. Plaintiff provides no expert declaration and has no expert to attack the

1 | reliability of Mr. Zimring's opinions, nor does he provide any other legitimate basis
2 | upon which to attack his qualifications.
3 |      In determining "reliability" courts look to an experts' background, training
4 | and experience.  See *U.S. v. Reicherter*, 318 F. Supp. 2d 265 (2004);  See also
5 | *Corrigan v. Methodist Hospital*, 234 F.Supp.2d 494 (affirmed 107 Fed.Appx 269).
6 | In the within action, Mr. Zimring is clearly qualified to testify regarding LASD's
7 | policy concerning CCW permits and the public policy concerns underlying that
8 | policy.  As such, Plaintiff's objections to the declaration of Franklin Zimring should
9 | be overruled.
10 |
11 | DATED: May 2, 2011          Respectfully submitted,
12 |
13 |                             ANDREA SHERIDAN ORDIN
        County Counsel
14 |
15 |                             By      /s/ Jennifer Lehman
16 |                             JENNIFER A.D. LEHMAN
        Principal Deputy County Counsel
17 |
18 |                             Attorneys for Defendants
        LOS ANGELES COUNTY SHERIFF'S
19 |                             DEPARTMENT & LEE BACA
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

HOA.786448.2                                  -3-