**JONATHAN W. BIRDT – SBN 183908**
18252 Bermuda Street
Porter Ranch, CA 91326
Telephone:  (818) 400-4485
Facsimile:   (818) 428-1384
jon@jonbirdt.com
Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, | CASE NO. 2:10-CV-08377-JAK (JEM) |
| Plaintiff, | **PLAINTIFF'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; DECLARATIONS OF LAWRENCE MUDGETT AND JONATHAN W. BIRDT IN SUPPORT THEREOF** |
| vs. | |
| CHARLIE BECK, LEE BACA, THE LOS ANGELES POLICE DEPARTMENT and THE LOS ANGELES COUNTY SHERIFFS DEPARTMENT, DOES 1 to 50, | |
| Defendants. | |

Plaintiff submits this supplemental reply to bring to the Courts attention the Ninth Circuit opinion issued in On May 2, 2011 the 9th Circuit issued its' opinion in *Nordyke v. King*, Opinion No. 07-15763, filed May 2, 2011, addressing the level of scrutiny to be applied in the instant action.  First and foremost, is the recognition by the Ninth Circuit that the Second Amendment was not limited to the home, whereas

1  in this case it dealt with County Fairgrounds, and applied a substantial relationship
2  test to the regulation in directing District Courts to:
3      When deciding whether a restriction on gun sales substantially burdens Second
4      Amendment rights, to ask whether the restric-tion leaves law-abiding citizens
5      with reasonable alternative means for obtaining firearms sufficient for self-
6      defense purposes.
7      Id. at 5650.
8  The Ninth Circuit found:
9      Where, as here, government restricts the distribution of a constitutionally
10     protected good or service, courts typically ask whether the restriction leaves
11     open sufficient alternative avenues for obtaining the good or service. For
12     instance, courts reviewing a restriction on the time, place, or manner of
13     protected speech will ask whether the restriction "leave[s] open ample
14     alternative channels for communication of the information." Ward, 491 U.S. at
15     791. Thus, the Supreme Court upheld an ordinance that prohibited "picketing
16     before or about the residence . . . of any individual" because protestors were
17     not barred from residential neighborhoods generally, but rather could "enter
18     such neighborhoods, alone or in groups, even marching," go "door-to-door to
19     proselytize their views," "distribute literature," and "contact residents by
20     telephone." Frisby v. Schultz, 487 U.S. 474, 477, 483-84 (1988).
21         Likewise, the Supreme Court recently held that a ban on one particular
22     method of performing an abortion did not constitute an "undue burden" on the
23     right to an abortion in part because "[a]lternatives [were] available to the
24     prohibited procedure." Carhart, 550 U.S. at 164; see also id. at 165 ("[T]he Act
25     allows . . . a commonly used and generally accepted [abortion] method, so it
26     does not construct a substantial obstacle to the abortion right."). Id. at 5645
27
28

In this case, there is no dispute that the only lawful way for Plaintiff to exercise his Second Amendment right outside of the home is with a Concealed Weapons Permit, and as such, with no other viable alternative, Defendants practices can not pass constitutional muster.

May 2, 2011                              _____/s/_____
                                         Jonathan W. Birdt, Plaintiff